IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEN MCDOWELL and JOSEPH COLLORA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>MCDONALD'S CORPORATION,<br><br>　　　　　　　Defendant. | Case No.: 1:22-cv-01688<br><br><br><br><br>**Hon. Franklin U. Valderrama** |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.　NATURE OF THE CASE**

　　**A.　Attorneys for each party**

*Attorneys for Plaintiffs and the Putative Class*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 W. Jackson St., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Fax: (212) 686-0114
Email: malmstrom@whafh.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher
Sean L. Litteral
Elvia M. Lopez
1990 North California Boulevard, Suite 940

Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
      slitteral@bursor.com
      elopez@bursor.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com
      aleslie@bursor.com

**SHUB LAW FIRM LLC**
Jonathan Shub
Kevin Laukaitis
134 Kings Hwy E., 2nd Fl.
Haddonfield, NJ 08033
T: (856) 772-7200
F: (856) 210-9088
klaukaitis@shublawyers.com jshub@shublawyers.com

**FREED KANNER LONDON & MILLEN LLC** Brian M. Hogan
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
bhogan@fkmlaw.com

**FREED KANNER LONDON & MILLEN LLC**
Jonathan M. Jagher
FREED KANNER LONDON & MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
jjagher@fkmlaw.com

*<u>Attorneys for Defendant</u>*

**ARNOLD & PORTER KAYE SCHOLER LLP**
Trenton H. Norris
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024

Telephone: (415) 471-3100
Fax: (415) 471-3400
Email: trent.norris@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Lori B. Leskin
250 W. 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Fax: (212) 836-8689
Email: lori.leskin@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Peter Vogel
70 W. Madison Street, Ste. 4200
Chicago, IL 60602-4321
Telephone: (312) 583-2458
Fax: (312) 583-2360
Email: peter.vogel@arnoldporter.com

### B. Basis for federal jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 because this case is a putative class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and at least one Plaintiff, as well as most members of the proposed class, are citizens of different states than Defendant. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District, and some acts and transactions giving rise to this action allegedly occurred in this District.

### C. Short overview of the case

Plaintiffs allege that the packaging for Defendant's Big Mac and French Fries (the "Products") contain heightened levels of organic fluorine and per- and polyfluoralkyl substances known as PFAS. Plaintiffs further contend that PFAS are synthetic chemicals that are harmful to

both humans and the environment, and that PFAS persist and accumulate over time and are harmful even at very low levels. Plaintiffs also allege that PFAS have been linked to thyroid disorders, immunotoxic effects, and various cancers in epidemiology studies. Based on these allegations, Plaintiffs seek damages and other relief in connection with their purchase of products containing organic fluorine and PFAS. Defendant denies Plaintiffs' allegations and filed a motion to dismiss Plaintiffs' Consolidated Amended Complaint on August 12, 2022 (ECF No. 22).

### D. Claims, counterclaims and affirmative defenses

Plaintiffs filed their Consolidated Class Action Complaint (ECF No. 18) on July 1, 2022 and bring their claims against Defendant individually and on behalf of a nationwide class and New York and California subclasses. Plaintiffs assert the following claims (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (3) breach of the Implied Warranty under Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792, et seq. and California Commercial Code § 2314; (4) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17200, et seq.; (5) violation of the New York General Business Law § 349; (6) violation of the New York General Business Law § 350; (7) Fraud; (8) Constructive Fraud; (9) Fraudulent Inducement; (10) Money Had And Received; (11) Fraudulent Omission or Concealment; (12) Fraudulent Misrepresentation; (13) Negligent Misrepresentation; (14) Quasi-Contract / Unjust Enrichment; (15) Breach of Express Warranty; and (16) Negligent Failure to Warn.

Defendant has stated the reasons the case should be dismissed at the pleading stage in its motion to dismiss (ECF No. 22). It will plead its affirmative defenses in the answer, if any portion of the case survives the motion.

### E. Principal factual issues

Plaintiffs believe that the principal factual issues in the case are: (1) the amount of organic fluorine and PFAS contained in the packaging of the Products; (2) any testing Defendant did for organic fluorine and PFAS in the Products; (3) Defendant's knowledge regarding the presence and amount of organic fluorine and PFAS in the Products; and (4) the amount of sales of the Products.

Based on Plaintiffs' allegations, Defendant believes that the principal factual issues in the case include: (1) Defendant's intentional use of only FDA-approved organic fluorine substances in its food packaging; (2) the insufficiency of organic fluorine as a surrogate to show the presence of allegedly harmful PFAS; (3) Plaintiffs' inability to establish that specific, harmful PFAS are used in the packaging; (4) whether PFAS, and in particular proven harmful PFAS, migrate from packaging to food; (5) Defendant's lack of knowledge and intent to add any harmful substance to its packaging; (6) advertising claims (or lack thereof) by Defendant that are false or deceptive to a reasonable consumer; (7) whether Plaintiffs relied on identified advertising claims; and (8) amount of damages or lack thereof.

F. **Principal legal issues**

Plaintiffs believe that the primary legal issues in the case are: (1) whether this case is appropriate for class certification under Fed. R. Civ. P. 23; (2) whether Defendant has violated the statutes identified in Plaintiffs' complaint; (3) whether Defendant has breached its warranties to Plaintiffs and the Class Members; and (4) whether Defendant has engaged in fraud, fraudulent inducement, concealment or made fraudulent or negligent misrepresentations.

Based on Plaintiffs' allegations, Defendant believes that the primary legal issues in the case include: (1) whether a reasonable consumer's purchasing decision would be impacted by the presence of FDA-approved organic fluorine chemical(s) in packaging; (2) whether this case is appropriate for class certification under Fed. R. Civ. P. 23; (3) whether the Defendant's conduct,

as shown by evidence in the record, violates the identified statutes or breached any provided warranties; (4) whether Defendant acted fraudulently; and (5) whether Plaintiffs or any putative class member suffered any injury as a result of Defendant's alleged conduct.

### G. Relief

Plaintiffs seek the following relief: (a) an order certifying the Class under Fed. R. Civ. P. 23 and naming Plaintiffs as representative of the Class and the California and New York Subclasses and Plaintiffs' attorneys as Class Counsel; (b) an order declaring the Defendant's conduct violates the statutes referenced herein; (c) an order finding in favor of Plaintiffs, the Class, and the California and New York Subclasses on all counts asserted herein; (d) compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury; (e) prejudgment interest on all amounts awarded; (f) an order of restitution and all other forms of equitable monetary relief; (g) injunctive relief as pleaded or as the Court may deem proper; (h) medical monitoring as a means to safeguard Plaintiffs' and Class Members health and to mitigate any damages for future medical treatment; and (i) an order awarding Plaintiffs and the Class and California and New York Subclasses their reasonable attorneys' fees and expenses and costs of suit. Defendant denies any Plaintiff or putative class member is entitled to such relief.

### H. Service

Plaintiffs have completed service on Defendant.

## II. DISCOVERY

### A. Discovery schedule

The parties note that Defendant's motion to dismiss is pending and will not be fully briefed until October 6, 2022. The parties believe that the discovery schedule should be set based on the date on which the motion to dismiss is denied in whole or in part. The chart below contains the parties' proposed schedule referencing that date and subsequent dates. But because

the Court's form indicates a preference for dates certain, the parties have also agreed on dates certain, in the rightmost column, with the caveat that either or both parties may request that this schedule be adjusted based on the Court's ruling on the pending motion to dismiss as well as the possible transfer of a case from the Southern District of Illinois, as discussed below.

| Event | Deadline | Deadline (Dates Certain) |
|---|---|---|
| Propound Initial Discovery Requests | 30 days after motion is denied in whole or in part | December 15, 2022 |
| Amendment to the pleadings | 10 days after motion is denied in whole or in part | November 30, 2022 |
| Service of process on any "John Does" | N/A | N/A |
| Completion of Fact Discovery | One year after motion is denied in whole or in part | November 15, 2023 |
| Disclosure of Plaintiffs' Expert Reports | 30 days after fact discovery cutoff | December 15, 2023 |
| Deposition of Plaintiffs' Experts | 60 days after fact discovery cutoff | February 15, 2024 |
| Disclosure of Defendant's Expert Reports | 90 days after fact discovery cutoff | March 15, 2024 |
| Deposition of Defendant's Experts | 120 days after fact discovery cutoff | April 30, 2024 |
| Dispositive Motions | 180 days after fact discovery cutoff | July 1, 2024 |

**B.     Depositions**

Plaintiffs anticipate taking between 5 and 10 depositions.

7

Defendant anticipates deposing each named plaintiff and each expert designated by Plaintiffs.

  **C.**  **Special issues during discovery**

At this time, the parties do not anticipate any special issues during discovery.

  **D.**  **Fed. R. Civ. P. 26(f)(3)**

The parties met and conferred on August 16, 2022 and generally discussed the topics set forth in Fed. R. Civ. P. 26(f)(3).

  (A)  The parties do not believe that any changes should be made in the timing, form or requirement for disclosures under Rule 26(a) and propose that the parties exchange initial disclosures on October 14, 2022.

  (B)  Plaintiffs anticipate taking discovery on the following topics: (1) the amount of organic fluorine and PFAS contained in the Products; (2) any testing Defendant did for organic fluorine and PFAS in the Products; (3) Defendant's knowledge regarding the presence and amount of organic fluorine and PFAS in the Products; (4) the amount of sales of Defendant's products.

    Defendant anticipates taking discovery on the following topics: (1) any PFAS or organic fluorine testing conducted by Plaintiffs; (2) Plaintiffs' investigation concerning the sufficiency or insufficiency of organic fluorine as a surrogate to show the presence of allegedly harmful PFAS; (3) whether Plaintiffs have evidence that PFAS, specifically proven harmful PFAS, migrate from packaging to food; (4) whether Plaintiffs relied on identified advertising claims; and (5) alleged damages.

  (C)  The parties are not aware of any unique issues concerning the disclosure, discovery or preservation of electronically stored information.

  (D)  The parties are not aware of any issues about claims of privilege at this time.

  (E)  The parties do not believe that any changes need to be made in the limitations on discovery.

    (F)    The parties do not believe that the Court needs to make any other orders under Rule 26(c) or under Rule 16(b) and (c). As indicated below, if the *Clark* case pending in the United States District Court for the Southern District of Illinois is transferred to this Court, the schedule in this case may need to be revised to allow for the filing of a new consolidated amended complaint

## III. TRIAL

### A. Jury demand

Plaintiffs have demanded a jury trial.

### B. Estimate of the length of trial

The parties estimate that the trial will last between 5 and 10 court days.

## IV. SETTLEMENT, REFERRALS AND CONSENT

### A. Settlement discussions

The parties have not had any substantive settlement discussions, and Plaintiffs have not made a written settlement demand.

### B. Settlement conference with a magistrate judge

At this time, the parties do not request a settlement conference with a magistrate judge.

### C. Consent to the Magistrate Judge

The parties have consulted with their clients and do not consent to proceeding before the assigned Magistrate Judge for all purposes.

## V. OTHER

The parties wish to inform the Court of a related case pending in the United States District Court for the Southern District of Illinois. A case entitled *Clark v. McDonald's Corp.*, Case No. 3:22-cv-00628-NJR, asserts virtually identical allegations as are asserted in this case. Defendant has moved to dismiss or transfer that case to this Court. The motion to dismiss and/or transfer is fully briefed, and the parties in the *Clark* matter are awaiting a ruling from Judge Rosenstengel on that motion. If Judge Rosenstengel transfers the *Clark* matter to this Court, the parties anticipate that they will agree to the filing of a consolidated amended complaint that includes the allegations

9

from the *Clark* case and that the schedule in this case will need to be revised to account for the filing of a new consolidated amended complaint and a renewed motion to dismiss in this action.

Dated: August 26, 2022  Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

By: */s/* Carl V. Malmstrom
 Carl V. Malmstrom

Carl V. Malmstrom
111 W. Jackson St., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Fax: (212) 686-0114
Email: malmstrom@whafh.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*Pro Hac Vice* Forthcoming)
Sean L. Litteral (*Pro Hac Vice* Forthcoming)
Elvia M. Lopez (*Pro Hac Vice* Forthcoming)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
 slitteral@bursor.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*Pro Hac Vice* Forthcoming)
Alec M. Leslie (*Pro Hac Vice* Forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com
 aleslie@bursor.com

**SHUB LAW FIRM LLC**
Jonathan Shub
Kevin Laukaitis
134 Kings Hwy E., 2nd Fl.
Haddonfield, NJ 08033

T: (856) 772-7200
F: (856) 210-9088
klaukaitis@shublawyers.com
jshub@shublawyers.com

**FREED KANNER LONDON & MILLEN LLC**
Brian M. Hogan
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
bhogan@fkmlaw.com

**FREED KANNER LONDON & MILLEN LLC**
Jonathan M. Jagher
FREED KANNER LONDON & MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
jjagher@fkmlaw.com

*Attorneys for Plaintiffs and the Putative Class*

Dated: August 26, 2022           Respectfully submitted,

                                 By:   /s/ *Trenton H. Norris*
                                        Trenton H. Norris

                                 **ARNOLD & PORTER KAYE SCHOLER LLP**
                                 Trenton H. Norris
                                 3 Embarcadero Center, Ste. 1000
                                 San Francisco, CA 94111-4024
                                 Telephone: +1 415.471.3100
                                 Fax: +1 415.471.3400
                                 Email: trent.norris@arnoldporter.com

                                 Lori B. Leskin
                                 250 W. 55th Street
                                 New York, NY 10019-9710
                                 Telephone: +1 212.836.8000
                                 Fax: +1 212.836.8689
                                 Email: lori.leskin@arnoldporter.com


                                 Peter Vogel
                                 70 W. Madison Street, Ste. 4200
                                 Chicago, IL  60602-4321

11

Telephone: (312) 583-2458
Fax: (312) 583-2360
Email: peter.vogel@arnoldporter.com

*Attorneys for Defendant McDonald's Corp.*

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that the foregoing filing was served upon counsel of record via the Court's CM/ECF electronic filing system on August 26, 2022.

                                                       */s/ Trenton H. Norris*
                                                       Trenton H. Norris (admitted *pro hac vice*)
                                                       ARNOLD & PORTER KAYE SCHOLER LLP
                                                       Three Embarcadero Center, 10th Floor
                                                       San Francisco, CA 94111-4024
                                                       Tel: (415) 471-3100
                                                       Fax: (415) 471-3400
                                                       Email: trent.norris@arnoldporter.com